The Chief Justice delivered the opinion of the court.
The decree of the Orphans’ Court, in this case, is erroneous. 1. In the first place, because it was made without evidence of the insufficiency of the personal estate for the payment of the debts of the intestate, or that such part thereof as had come to the hands of the administratrix, had been applied to that purpose.
Lewis Hanford, a creditor of the intestate, applied to the Orphans’ Court for relief, under the 20th section of the act of 1820, Rev. Laws, 782. Having produced a judgment in his favor against the administratrix for a debt due from the intestate, and *an execution issued thereon and [*344 roturned nulla bona; and having shown that the notice prescribed in the section had been given and the time therein mentioned had elapsed, the court made an order to shew cause why the real estate should not be sold; which at the next succeeding term, was followed up by an order for sale.
By the above mentioned section, it is enacted that the court may make such order to shew cause as is mentioned in the 19th section of the act entitled an act making lands Hablo to be sold for the payment of debts, passed 18th of February, 1789; and such further proceedings shall be had as are prescribed in the same act in relation to the sale of real estate where the personal estate is insufficient to pay debts.
In the case of The State against Conover, 4 Holst. 338, it was held by this court, as it had been previously held by the chancellor in the case of Wilmurt’s adm’r-s. v. Morgan, in reference to the act making lands liable to be sold for the payment of debts, and especially the 20th and 24th sections, that it is the duty of the Orphans’ Court, as a preliminary *408 to an order for sale, to ascertain and decide, not only that the personal estate is insufficient to pay the debts, but that such part thereof as may have come to the hands of-the executor or administrator has been applied to that purpose; and that the order for sale should not be made until it has appeared to the court on the full examination, which according to the terms of the act, they are directed and bound to make, that the personal estate which has come to the hands of the executor or administrator, has been applied towards payment of the debts.
These proceedings, therefore, are required to be had, upon the application of a creditor, under the 20th section, for an order for sale.
In answer to a rule of this court, made on allegation of diminution, the judges of the Orphans’ Court have certified that there was no evidence before them of the insufficiency of the personal estate to pay the debts, but the return of the sheriff on the above mentioned execution; and that there was no evidence before them that the administratrix had taken any proceedings in relation to the estate whereby it appeared there had been, or was not, sufficient personal estate to pay the debts without resorting to the real estate.
*345] *Uow, the return of nulla bona upon the execution, was evidence that no goods or chattels were within the reach of the officer, but was not even presumptive evidence that ■the personal estate was insufficient, or that any part of it had been applied by the administratrix toward the payment of the debts. Assets, amply sufficient, may, notwithstanding, have been at the time unapplied in her hands. The law did not contemplate the sale of real estate simply because personal estate was not to be found by the officer, but when it had been applied or was insufficient. If in the hands of the administratrix and unapplied, the creditor should have been required to pursue it, and the administratrix, before he had resort to the real estate.
*409 Inasmuch, then, as there was no legal evidence before the court, of the insufficiency of the personal estate, they had no authority, under the act of the legislature, to make the order for sale.
2. The decree of the Orphans’ Court is erroneous, in the second place, because the order to shew cause why the real estate should not be sold, and the order for sale, respect the payment of a single debt, and not the debts generally of the intestate.
The relief intended by the 20th section, although it may originate in the application of a single creditor, is not intended for him only, but for all the creditors. The sale is to be made for the benefit, not merely of the applicant, but of all. The order to shew cause, like the order made at the instance of an executor or administrator, should be, why so much should not bo sold as would be sufficient to pay, not singly the amount due the applicant, but the debts of the deceased, or the residue thereof unsatisfied by the personal estate. And the final order for sale should have the like scope and extent. But the orders in question have reference only to a single debt, the debt due the applicant. It was admitted on the argument by the counsel of the defendant in certiorari, that if there were other debts, this order wa,s defective; but it was said this court will not presume there is any other debt; no other appears; and all persons interested had notice to attend the Orphans’ Court. This argument would be of weight, if the whole procedure had not been of an individual character. The order to shew cause is for the payment, not of debts generally, but of a single specified debt. The creditors were not informed that an order was about to be made for *aalc for the pay- [*346 merit of all the debts. A presumption then cannot fairly spring from such a procedure that no other debts existed. The order to shew cause was in itself, in this respect, erroneous; and cannot be supported, nor furnish any support to the order for sale.
Let the order for sale be quashed.